IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

BLAINE GRAYSON,
                       Petitioner,

   v.                                                     ORDER

STATE OF WISCONSIN                         07-cv-560-jcs

                       Respondent.
_____

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent moved to dismiss the petition for petitioner's failure to exhaust his state court remedies. This motion has been fully briefed and is ready for decision.

MEMORANDUM

Petitioner challenges his Brown County Wisconsin Circuit Court criminal convictions for three counts of causing a child to view sexual activity. He claims that his counsel was ineffective because he failed to file a suppression motion, failed to request a cautionary instruction on eyewitness identification and failed to have a defense investigator re-do an incorrect measurement. He also claims that his conviction was tainted by suggestive identification procedure, failure of proof and the prosecution's misconduct in influencing witnesses. He also seeks a new trial in the interest of justice.

Petitioner has not exhausted his state court remedies on two claims: his claim that his counsel was ineffective in failing to re-do an incorrect measurement and his claim that the prosecution improperly influenced witnesses.

Federal district courts are required by statute, for reasons of comity, to defer to state courts in proceedings for writs of habeas corpus. All but two of petitioner's claims have been exhausted in state courts. Accordingly this is a mixed petition containing both exhausted and unexhausted claims. Pursuant to <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982), petitioner's petition must be dismissed without prejudice because it contains unexhausted claims.

Accordingly, petitioner's petition for a writ of habeas corpus will be dismissed without prejudice to petitioner's refiling his petition after he has exhausted his state court remedies within the meaning of 28 U.S.C. §2254.

Petitioner is advised that in any future proceedings in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his claim must be dismissed without prejudice for his failure to exhaust his state court remedies. <u>See Newlin v. Helman</u>, 123 F.3d 429, 433 (7th Cir. 1997).

## ORDER

IT IS ORDERED that petitioner's petition for a writ of habeas corpus is DISMISSED without prejudice.

2

<u>Grayson v. State of Wisconsin</u>. 07-cv-560-jcs

 IT IS FURTHER ORDERED that judgment be entered DISMISSING petitioner's petition for a writ of habeas corpus without prejudice.

 Entered this 14th day of December, 2007.

        BY THE COURT:

        /s/

        _____
        JOHN C. SHABAZ
        District Judge